IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

COLUMBIA DIVISION

| | |
|---|---|
| Chad Anthony Benfield, #272046, ) | C/A No.  8:06-2609-JFA-BHH |
| ) | |
| Plaintiff, ) | |
| v. ) | **ORDER** |
| ) | |
| Colie Rushton, Warden, McCormick ) | |
| Correctional Institution; Mrs. Tab, Clinic ) | |
| Counselor, McCormick Correctional ) | |
| Institution; Warden Mackey, Perry Correctional ) | |
| Institution; Paula Jackson, Clinic Counselor, ) | |
| Perry Correctional Institution; and South ) | |
| Carolina Department of Corrections (SCDC) ) | |
| State Class Board, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

This matter is before the court for review of the Magistrate Judge's Report and Recommendation made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or

1

modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

The *pro se* plaintiff is an inmate with the South Carolina Department of Corrections ("SCDC"). The plaintiff brings this action pursuant to 42 U.S.C. § 1983 alleging that he was denied protective custody and mental health treatment following two alleged rapes at two different correctional institutions. Benfield claims that he has been threatened with death and he will not go to the yard for fear of his life. He seeks injunctive relief and damages.

In a detailed Report and Recommendation, the Magistrate Judge suggests that the plaintiff has not exhausted his administrative remedies and recommends that the complaint be dismissed without prejudice. Because the Report sufficiently sets forth the facts of this matter, such will not be repeated in this order.

The plaintiff was advised of his right to file objections to the Report and Recommendation, entered on October 30, 2006. The plaintiff filed timely objections to the Report which the court has reviewed *de novo*.

The plaintiff's objects to the Report generally and reasons that he never filed a grievance because he did not know that he could file a grievance at another institution regarding the previous institution he was housed in. He concedes that he "didn't think rape was a grievable issue" and that he has "now filed a Step 1 grievance to see it will help."

After carefully considering the applicable law, the record in this case, the Report and Recommendation, and the objections thereto, the court agrees that the plaintiff has not

exhausted his administrative remedies as required by 42 U.S.C. § 1997e(a), and thus he is precluded from bringing this § 1983 action. Accordingly, the Report and Recommendation is incorporated herein by reference, and this action is dismissed without prejudice.

    IT IS SO ORDERED.

*Joseph F. Anderson, Jr.*

Joseph F. Anderson, Jr.
United States District Judge

January 4, 2007
Columbia, South Carolina